

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA SUGGETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. ) |
| SUNRISE CREDIT SERVICES, INC. | ) 1:11-cv-0186 JMS-MJD ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Teresa Suggett, by counsel, hereby brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), for a finding that Defendant has committed violations of the FDCPA, and to recover damages for those violations, and in support thereof says and alleges:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here and c) Defendant transacts business here.

## PARTIES

3.  Plaintiff, Teresa Suggett ("Ms. Suggett"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4.  Defendant, Sunrise Credit Service, Inc.("Sunrise"), is a New York Corporation, with its principal place of business located in Farmingdale, New York. Sunrise does business in the State of Indiana and in the Southern District of Indiana. Specifically, Sunrise engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5.  Sunrise is a third party debt collector that collects debts for its clients.

6.  Sunrise is a debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

7.  Sunrise is not is not a licensed collection agency in Indiana.

8.  Sunrise does not hold a license issued under the authority of the Indiana Uniform Consumer Credit Code authorizing it to make consumer loans, take assignments of consumer loans, or undertake direct collection of payments from or enforcement of rights against debtors arising from consumer loans.

9.  Sunrise was retained to perform third party consumer debt collection work on behalf of its client, HSBC Bank.

10. In its capacity as third party debt collector for HSBC Bank, Sunrise attempted to collect a HSBC Bank debt from Ms. Suggett.

11. On August 3, 2010, Ms. Suggett filed her Chapter 7 Bankruptcy petition. HSBC Bank was listed as an unsecured creditor in the bankruptcy. A true and accurate

copy of the cover sheet of Ms. Suggett's bankruptcy and the pertinent portion of the schedule of unsecured creditors is attached hereto as Exhibit "A".

12. HSBC did receive a notice of Ms. Suggett's bankruptcy.

13. HSBC Bank turned Ms. Suggett's account balance over to Sunrise for collection.

14. In total disregard for the operation of the bankruptcy stay, Sunrise continued with collection of the HSBC Bank Account from Ms. Suggett after the bankruptcy was filed.

15. During August, 2010, Ms. Suggett received Sunrise's collection letter dated August 6, 2010. A true and accurate copy of Sunrise's August 6, 2010 collection letter to Ms. Suggett is attached hereto as Exhibit "B".

16. During September, 2010, Ms. Suggett received Sunrise's collection letter dated September 3, 2010. A true and accurate copy of Sunrise's September 3, 2010 collection letter to Ms. Suggett is attached hereto as Exhibit "C".

## COUNT I

### Violation of 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10)
### False or Misleading Representations

17. Ms. Suggett hereby adopts and re-alleges paragraphs one (1) through sixteen (16) of her complaint.

18. Sunrise's attempts to collect the HSBC Bank account balance from Ms. Suggett violated the bankruptcy stay.

19. Sunrise's collection letter to Ms. Suggett constituted a violation of the bankruptcy stay.

20. Sunrise had no right to attempt to collect the HSBC Bank account balance from Ms. Suggett because of the operation of the bankruptcy stay.

21. Sunrise's attempts to collect the HSBC Bank account balance despite the operation of the bankruptcy stay constitutes a false representation of the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

22. By taking collection action on behalf of HSBC Bank against Ms. Suggett despite the operation of the bankruptcy stay, Sunrise took an action that it could not legally take in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

23. By attempting to collect the HSBC Bank account balance from Ms. Suggett despite the operation of the bankruptcy stay, Sunrise used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

24. Ms. Suggett's HSBC account is a consumer loan as defined by IC § 24-4.5-1-301.5(9) of the Indiana Uniform Consumer Credit Code ("IUCCC").

25. IC 24-4.5-3-502 of IUCCC states that unless a person is a depository institution, a subsidiary of a depository institution, a credit union service organization or a licensed collection agency, then that person must obtain a license under IUCCC if it wants to make consumer loans, take assignments of consumer loans, or undertake direct collection of payment from or enforcement of rights against debtors arising from consumer loans.

26. Sunrise is not a licensed collection agency in the State of Indiana.

27. Sunrise is not a depository institution, a subsidiary that is owned and controlled by a depository institution, or a credit unit service organization.

28. Sunrise has not obtained a license under IUCCC entitling it to take assignments of consumer loans, or undertake direct collection of payments from or enforcement of rights against debtors arising from consumer loans.

29. Sunrise engaged in direct collection efforts against Ms. Suggett in an effort to collect the HSBC account. Among other things, Sunrise sent collection letters to Ms. Suggett.

30. Sunrise's taking of an assignment of Ms. Suggett's HSBC account without the licenses required by Indiana law constitutes a violation of IUCCC.

31. Sunrise's efforts to collect Ms. Suggett's HSBC account without the licenses required by Indiana law constitutes a violation of IUCCC.

32. Sunrise's violation of IUCCC while attempting to collect Ms. Suggetts's HSBC account constitutes the use of a false representation or deceptive means in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

33. Sunrise's violation of IUCCC while attempting to collect Ms. Suggett's HSBC account constitutes threatening to take legal action that can not legally be taken in violation of 15 U.S.C. § 1692e(5) of FDCPA.

34. Sunrise's violations of 15 U.S.C. § 1692e(2)(a), § 1692e(5), and § 1692e(10) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys fees, all pursuant to 15 U.S.C. § 1692k of FDCPA.

**REQUEST FOR RELIEF**

Plaintiff, Teresa Suggett, hereby requests that the Court:

1. Declare that Defendant's debt collection actions violated FDCPA.

2. Enter judgment in favor of Plaintiff, Teresa Suggett, and against Defendant, Sunrise Credit Services, Inc., for actual damages, statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k of the FDCPA.

3. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Teresa Suggett, hereby demands a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

By: _____
C. Warren Nerz, Esq. (16152-49)
Attorney for Plaintiff

By: _____
Joseph B. Walterman, Esq. (24436-49)
Attorney for Plaintiff

C. Warren Nerz, Esq.
Joseph B. Walterman, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road
Suite 20
Indianapolis, Indiana 46237
(317) 885-7500